SNOWDEN A. FAHNESTOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92388.   Promulgated February 12, 1941.

*T. F. Davies Haines, Esq.*, for the petitioner.
*L. A. Spalding, Jr., Esq.*, for the respondent.

570

OPINION.

MURDOCK: The Commissioner relies entirely upon section 22 (a) of the Revenue Act of 1934 and cites *Helvering* v. *Clifford*, 309 U. S. 331, and *Morton Stein*, 41 B. T. A. 994. There is some uncertainty as to the extent of the applicability of section 22 (a) under the decision in the *Clifford* case. *White* v. *Higgins*, 116 Fed. (2d) 312; *Commissioner* v. *Berolzheimer*, 116 Fed. (2d) 628. Cf. *Commissioner* v. *Branch*, 114 Fed. (2d) 985; *Helvering* v. *Achelis*, 112 Fed. (2d) 929. However, the Court in the *Clifford* case said that Congress intended to exercise its taxing powers to the limit in section 22 (a). The Circuit Court of Appeals for the Second Circuit in the *Berolzheimer* case interprets the *Clifford* case as holding "that a grantor of a short term trust, under which he is to be the trustee and to have such broad powers over the disposal of the principal as to approximate those of a owner and under which the income is to remain in his family and the reversion in himself, will be subjected to income taxes as owner." The terms of the particular trust and all the circumstances attendant upon its creation and operation must be analyzed in order to determine whether the grantor has retained such substantial control over the trust property that he may be treated for tax purposes as the owner of the corpus taxable with the income under section 22 (a).

The present trust is similar to the trust in the *Clifford* case in many respects. The petitioner has pointed out some of the differences between the two trusts in an effort to distinguish this case from the *Clifford* case. The maximum limit of the present trust was ten years whereas that of the Clifford trust was five years. This does not distinguish the *Berolzheimer* case, however, where the maximum limit of the trust was also ten years. Furthermore, the trusts in the *Higgins* case and in the *Stein* case were for life at least. The present trust might have lasted beyond the life of the grantor, but the same was true in the Higgins trusts. The petitioner, as trustee, was required

to pay over all of the net income of the trust to his wife. Berolzheimer was likewise required to pay all of the income to his wife. The powers which the petitioner had as trustee in regard to voting and managing the trust property are substantially the same as those retained by the grantor in the *Clifford* case. He argues that he had no power to reinvest the trust property except in investments approved by law for trusts. He cites in support of this contention a number of New York cases, which seem to be inapplicable in view of the fact that the laws of Rhode Island govern. Furthermore, he not only retained the trust property invested in bank stock, which was probably not a legal investment for trust property, but he invested the $8,000 realized from the liquidation of the First Security Co. in bank stock and gold mining stock. We are unable to distinguish this case from the *Clifford* case in the light of the *Berolzheimer* and *Higgins* decisions. The trust in the *Branch* case was for the life of the wife of the grantor and might continue longer and the corpus might never revest in the grantor.

Reviewed by the Board.

*Decision will be entered for the respondent.*